688 So.2d 162 (1997)
STATE of Louisiana
v.
Cathy JOHNSON.
No. 95-KA-906.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
*163 Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District Court, Indigent Defender Board, Gretna, for Appellant Cathy Johnson.
Terry M. Boudreaux, Assistant District Attorney, Research & Appeals, Gretna, for Appellee State.
Before GAUDIN, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Cathy Johnson, appeals from her conviction for shoplifting and her sentence to 20 years at hard labor as a fourth time felony offender. An "Anders" brief was filed in the appeal.[1] We affirm the conviction and sentence and remand with an order to the trial judge to notify defendant of the prescriptive period for post-conviction relief. We grant the motion to withdraw.
On November 29.1994, defendant was charged by bill of information with theft of goods valued at more than $100, but less than $500, a violation of La.R.S. 14:67.10. On defendant's motion, the trial court appointed a sanity commission. At the sanity hearing, defense counsel stipulated to the doctors' reports which concluded that defendant was competent to proceed to trial and to assist counsel. The trial court found defendant competent for trial. A jury trial was held on July 12 and July 13, 1995. At the conclusion of trial, the six person jury unanimously returned a verdict of guilty as charged. On July 31, 1995, the trial court sentenced defendant to two years at hard labor. Defendant filed for a new trial on August 3, 1995 and for appeal, which was granted by the trial court on August 9, 1995.[2] On September 8, 1995, the trial court dismissed the motion for new trial because it was untimely filed. On October 25, 1995, the state filed a bill of information charging defendant with being an habitual offender. In May of 1996, this court ordered that the appeal be removed from the August 1996 docket and placed on the next available docket after completion of defendant's habitual offender proceeding and supplementation of *164 the appellate record with the pleadings and transcript of those proceedings.
On June 7, 1996, a hearing was held on the habitual offender charge. The state introduced evidence of four predicate offenses. On June 24, 1996, after taking the matter under advisement, the trial judge rejected one of the predicate offenses and found defendant to be a fourth felony offender. She issued written reasons for the adjudication. After vacating the original sentence, the trial judge sentenced defendant to 20 years at hard labor with credit for time served and without probation, parole or suspension of sentence. Subsequently, the appellate record was supplemented with transcripts of the multiple offender hearing, the trial court's ruling and the sentencing of defendant as an habitual offender. This appeal was then redocketed by this court.
On October 27, 1994, at approximately 8:20 p.m., a salesclerk restocking merchandise at the Dillards' Esplanade Mall store, observed a man who appeared nervous and agitated. The man looked at the salesclerk and then spoke to a woman next to him who was stooping down and putting shirts into a J.C. Penny shopping bag. Then, the man and woman began walking at a fast pace out of the department toward the store's exit. The couple began running before they arrived at the exit. In the meantime, the salesclerk, who suspected a theft, followed the couple. She told another clerk to notify the police. The police arrived just as the man and woman were about to leave the store. The bag was searched. It was lined with a plastic bag and aluminum foil. Four men's shirts were found inside. There was no sales slip, the price tags were on the merchandise and the electronic tags were still attached.
At trial, the salesclerk testified that she never lost sight of the man and woman after seeing the woman put the shirts into the bag. She also identified defendant as the woman who she had seen. The clerk further testified that the total price of the merchandise was $162 and that defendant did not appear to be engaged in normal shopping activity.
Defense counsel has filed a brief which follows the procedure approved by the United States Supreme Court in Anders and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In State v. Bradford, 95-929 and 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, this court noted the Louisiana Supreme Court's favorable response to the Fourth Circuit's policy regarding Anders briefs and adopted the same policy.
In applying the procedure suggested above, a letter was sent from the Clerk of this court advising defendant that she should inform the court in writing within thirty days if she intends to file a supplemental brief in her own behalf. Defense counsel previously sent defendant a letter advising her that he could not find any non-frivolous errors for appeal and that defendant was entitled to file a supplemental brief. Further, an extensive independent review of the record was conducted and no appealable issues were found. Given the eyewitness testimony of this offense, the identification of defendant as the person who took the merchandise and the discovery of those items in defendant's possession, we find no error in the verdict. Additionally, the evidence of defendant's action in concealing the shirts in a bag lined with aluminum foil was sufficient to infer that defendant intended to take the items. See La.R.S. 14:67.10. Thus, there was sufficient evidence of the element of intent.
In reviewing the habitual offender proceeding, we find that defendant's adjudication as a fourth felony offender was based upon adequate evidence of three prior convictions. In addition, defendant's sentence of 20 years at hard labor was the minimum which could be imposed.
As noted in the error patent discussion below there is one error patent on the face of the record, but it does not merit reversal of the conviction or sentence. Thus, in light of defendants failure to file a pro-se brief and the absence of issues which "arguably support the appeal," the motion to withdraw is granted and the conviction and sentence affirmed.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that *165 is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990)
The transcript indicates that the trial judge failed to advise defendant of the time delay for filing for post-conviction relief, as is mandated by La.C.Cr.P. art. 930.8C. The article dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the appropriate remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of C.C.P. art. 930.8(C) by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Crossley, 94-965, (La.App. 5 Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459; State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Accordingly, defendant's conviction and sentence are affirmed. Defense counsel's Motion To Withdraw is granted. The case is remanded with instructions to the trial judge to inform defendant of the provisions of C.C.P. art. 930.8(C) by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice.
AFFIRMED AND REMANDED.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).
[2] This written motion for appeal was untimely because it was not filed within five days after sentencing. See La.C.Cr.P. art. 914 B. Nor did the motion request an out-of-time appeal. This court did not note the untimeliness in its previous order removing the appeal from the docket and stating the conditions upon which the appeal would be redocketed. Nevertheless, after defendant was resentenced as a multiple offender, defense counsel orally moved to appeal. That oral motion was timely.