829 So.2d 468 (2002)
STATE of Louisiana
v.
Rena COLEMAN.
No. 02-KA-0345.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 2002.
*469 Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, LA, for defendant-appellant.
Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, Joseph J. Oubre, Assistant District Attorneys, Gretna, LA, for plaintiff-appellee.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and HENRY G. SULLIVAN, JR., Pro Tempore.
HENRY G. SULLIVAN, JR., Judge Pro Tempore.
Defendant, Rena Coleman, and co-defendant, Shirley Torregano, were charged on *470 February 22, 2001 in a bill of information with theft of goods from Burlington Coat Factory valued between $100 and $500 in violation of LSA-R.S. 14:67.10. Defendant proceeded to trial and was found guilty as charged by a six-person jury. His motion for a post-verdict judgment of acquittal was denied by the trial court and he was sentenced to one year of imprisonment at hard labor.
The State subsequently filed a multiple offender bill of information alleging defendant to be a second felony offender based on a 1999 conviction for theft of mail matter by a postal employee. Defendant stipulated to the allegations contained in the multiple bill and the trial court found him to be a second felony offender. The trial court vacated defendant's original sentence and imposed an enhanced sentence of one year without the benefit of probation or suspension of sentence under LSA-R.S. 15:529.1.
Defendant now appeals his conviction for theft challenging the sufficiency of the evidence.
FACTS
On February 8, 2001, defendant and codefendant, Shirley Torregano, were shopping at the Burlington Coat Factory on Williams Boulevard in Kenner when Kenneth Milton, a loss prevention officer for Burlington, observed them acting suspiciously. He started recording their actions with the store's surveillance camera.
During his surveillance of defendant and Ms. Torregano, Mr. Milton observed defendant select various clothing items from the big man's section of the store and hand them to Ms. Torregano. Mr. Milton explained that Ms. Torregano would then proceed to the back of the store where she would conceal the merchandise under her dress. The pair repeated this conduct several times. Ms. Torregano then exited the front of the store while defendant remained inside.
Once outside, Ms. Torregano was stopped by a Burlington employee and escorted back inside to the security office. A Ralph Lauren T-shirt (size 3X), a Chaps shirt (size 3X), one pair of Paco shorts (size 46), one pair of Esco jeans (size 48) and one pair of children's denim overalls were found on Ms. Torregano. All items with the exception of the child's denim overalls were men's clothing. The total value of the merchandise recovered from Ms. Torregano was approximately $114.00.
Officer Steven Fonte with the Kenner Police Department arrived on the scene. Based on information provided by Mr. Milton of what transpired, Officer Fonte arrested defendant who was still inside the store. No merchandise was found on defendant.
ANALYSIS
Defendant argues there was insufficient evidence to convict him of theft because the evidence failed to prove he had the requisite intent to steal or that he had knowledge a crime was being committed. Defendant contends there was no evidence he knew what Ms. Torregano was doing with the clothing items he handed her.
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). A reviewing court is required to consider the whole record and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. State v. Lapell, 00-1056 (La.App. 5 Cir. 12/13/00), 777 So.2d 541, 545, writ denied, 01-0439 (La.1/4/02), 805 So.2d 1192. It is not the function of this Court *471 to assess credibility or to re-weigh evidence. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062 and 00-0150 (La.6/30/00), 765 So.2d 1066.
Defendant was convicted of theft of goods valued between $100 and $500, a violation of LSA-R.S. 14:67.10. In order for defendant's conviction to be upheld on appeal, the State had to have proven the following elements beyond a reasonable doubt: (1) that defendant misappropriated or took; (2) a thing of value; (3) which is held for sale by a merchant; (4) either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations; and (5) that defendant had the intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking. State v. Hampton, 00-1002 (La.App. 5 Cir. 1/23/01), 782 So.2d 1045, 1051-52.
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. LSA-R.S. 14:24. Only those persons who "knowingly participate in the planning or execution of a crime" are principals to that crime. An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. The mental state of one defendant may not be imputed to another defendant. Thus, mere presence at the scene of a crime does not make one a principal to the crime. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427; State v. Cedrington, 98-253 (La.App. 5 Cir. 12/16/98), 725 So.2d 565.
Theft is a specific intent crime. State v. Hampton, supra at 1052. Specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). Specific intent may be inferred from the circumstances and actions of the defendant. State v. Weidenbacker, 00-931 (La.App. 5 Cir. 1/23/01), 782 So.2d 1040, 1044. Whether a defendant possessed the requisite intent in a criminal case is for the trier of fact, and a review of the correctness of this determination is guided by the Jackson standard. State v. Meyers, 95-750 (La.App. 5 Cir. 11/26/96), 683 So.2d 1378, writ denied, 97-0234 (La.6/20/97), 695 So.2d 1350.
Mr. Milton testified defendant handed various men's clothing items to Ms. Torregano who then proceeded to another section of the store to conceal the items under her dress. This process occurred several times while the pair was in the store. During these activities, defendant and Ms. Torregano engaged in several conversations with each other. Ms. Torregano ultimately exited the store. After being escorted back into the store, five items of clothing were found concealed on Ms. Torregano's person. Four of the five clothing items were the same items defendant had handed Ms. Torregano while she was in the store. Additionally, four of the five clothing items were men's clothing in defendant's size. We find this evidence sufficient to infer defendant possessed the requisite intent to commit theft and that defendant actively participated in the commission of the crime thus making him a principal to the theft.
Defendant's further contention that his conviction should have been reduced to misdemeanor theft under $100 has no merit. Defendant argues that the value of the child's denim overalls should not have been included in the total value of the merchandise *472 taken since he did not hand this clothing item to Ms. Torregano. Thus, he contends the value of the merchandise he actually handled did not exceed $100. We rejected a similar argument in State v. Brooks, 00-106 (La.App. 5 Cir. 9/26/00), 769 So.2d 1242, 1246. A principal to the crime of theft is held culpable for the entire value of the merchandise. Id. Therefore, we find the evidence was sufficient to show that defendant, with the requisite intent, executed the theft of goods valued between $100 and $500.
We have reviewed the record for errors patent according to LSA-C.Cr.P. art. 920. We note that the trial court failed to observe the mandatory 24-hour delay between denying defendant's motion for post-verdict judgment of acquittal and imposing sentence on defendant's underlying offense as required by LSA-C.Cr.P. art. 873.[1] However, such error is harmless because Coleman's original sentence was vacated after he was found to be a multiple offender. State v. Morris, 01-179 (La. App. 5 Cir. 8/28/01), 798 So.2d 1004, 1011. Additionally, we note the trial court failed to rule on defendant's motion for reconsideration of his original one-year sentence. We likewise find this error harmless because defendant's original sentence was vacated after he was adjudged a multiple offender. Defendant did not subsequently file a motion to reconsider his enhanced sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 873 requires a 24-hour delay in sentencing after denial of a motion for new trial or in arrest of judgment, unless the defendant waives said delays. The article does not explicitly require a 24-hour delay in sentencing after a motion for a post-verdict judgment of acquittal has been denied. However, this Court has applied the 24-hour delay in LSA-C.Cr.P. art. 873 to motions for postverdict judgment of acquittal. State v. Williams, 97-970 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086, 1089.