839 So.2d 286 (2003)
STATE of Louisiana
v.
Jerome GREEN.
No. 02-KA-883.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, William C. Credo, III, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Ike Spears, Attorney, Spears and Spears, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Jerome Green, with theft of goods in excess of $500.00, in violation of LSA-R.S. 14:67.10.[1] The matter proceeded to trial in *287 September of 1999. However, the six person jury was unable to reach a verdict. The second trial took place in June of 2000, at the conclusion of which defendant was found guilty as charged. The trial judge sentenced defendant to ten years at hard labor, with credit for time served.
The state subsequently filed a bill of information pursuant to LSA-R.S. 15:529.1, alleging that defendant was a fourth felony offender. In accordance with an agreement with the state, defendant admitted his status as a second felony offender. The judge thereafter vacated defendant's original sentence of ten years and resentenced him, as a second felony offender, to the agreed upon sentence of ten years imprisonment at hard labor. Defendant now appeals.

FACTS
On December 12, 1998, Jeff Magee went to pick up a prescription from the Rite-Aid on Metairie Road in Jefferson Parish. While there, he noticed two black men, subsequently identified as Jerome Green and Raymond Johnson, who were inside the store and "looking suspicious." Fearing that they were planning to rob the store, Mr. Magee purchased his prescription and left. He walked to the parking lot, got inside his truck, and continued to observe the two men's actions. Mr. Magee saw defendant and the other man exit the store, one after the other, with baskets full of merchandise, particularly baby diapers and bottles of liquor. As each suspect left the store, he walked to a gold Cadillac which was parked several stores down from Rite-Aid, and placed the merchandise in the back of the car. The two suspects took turns, each carrying merchandise in hand baskets from the store, and placing it in the car. After a total of approximately four such trips, defendant exited the store for the last time and got into the driver's seat of the vehicle.
Based on his observations, Mr. Magee called 911. When the police arrived, they secured defendant and then stopped the second perpetrator, Raymond Johnson, as he was coming out of the store with a basket full of liquor. Neither of the two individuals could produce a receipt for the merchandise. Also, during the course of their investigation, the officers ascertained that the Cadillac in which the merchandise was being placed, was owned by defendant.
After the suspects were secured, the police retrieved the merchandise consisting of numerous bottles of liquor and packages of diapers from the back of defendant's vehicle. Ms. Melissa Howard, the store's assistant manager, identified the merchandise, and then scanned the items for prices. Ms. Howard determined that the value of the items was $741.85. The two men were thereafter arrested for theft of goods over $500.00.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant challenges the sufficiency of the evidence used to convict him. Specifically, he first alleges that the state failed to prove that he had the specific intent to commit the charged offense. He next argues that the state failed to prove the recovered goods were from the Rite-Aid store and also failed to prove the value of the goods taken by defendant.
In determining a challenge to the sufficiency of the evidence, the reviewing court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential *288 elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 82.
In cases involving circumstantial evidence, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." In State v. Mitchell, 772 So.2d at 83, the Louisiana Supreme Court discussed appellate review of such cases:
On appeal, the reviewing court `does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events.' Rather the court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
(Citations omitted; emphasis as found in the original).
The defendant in this case was charged with theft of goods valued over $500. That offense is defined in LSA-R.S. 14:67.10, which provides, in pertinent part, as follows:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred....
B. (1) Whoever commits the crime of theft of goods when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned with or without hard labor, for not more than ten years or may be fined not more than three thousand dollars, or both.
Therefore, in order to establish defendant's guilt for this crime, the state was required to prove beyond a reasonable doubt: (1) that defendant misappropriated or took; (2) a thing of value; (3) which is held for sale by a merchant; (4) either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations; and (5) that defendant had the intent to deprive the merchant permanently of that which is the subject of the misappropriation or taking. State v. Hampton, 00-1002 (La.App. 5 Cir. 1/23/01), 782 So.2d 1045, 1051-51; State v. Coleman, 02-345 (La.App. 5 Cir. 9/18/02), 829 So.2d 468, 471.
Theft is a crime of specific intent. State v. Hampton, 782 So.2d at 1052. Specific intent is "that state of mind which exists when the circumstances indicated that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1); State v. Mitchell, 772 So.2d at 82. Specific intent may be inferred from the circumstances of a transaction and from the actions of the accused. Further, specific intent is a legal conclusion to be resolved by the fact finder. State v. Graham, 420 So.2d 1126 (La.1982).
A principal is defined in LSA-R.S. 14:24 as follows:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly *289 counsel or procure another to commit the crime are principals.
Persons who aid or abet in the commission of a crime are guilty as principals, although they do not directly commit the act constituting the offense. State v. Lynch, 512 So.2d 1214, 1216 (La.App. 5 Cir.1987). Mere presence at the crime, without the requisite mental state to commit the offense is insufficient to "concern" an individual in the crime. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427, 428.
On appeal, defendant argues that the state failed to prove that he had specific intent to commit the offense. He claims there was no evidence disproving the hypothesis that he was "an unsuspecting accomplice in the shoplifting" perpetrated by Raymond Johnson. The record does not support this argument.
The eyewitness to the incident, Mr. Magee, who did not see the actual taking but did see the actions of the two men immediately before and after the taking, testified at the trial. Mr. Magee described the suspicious activities of Green and Johnson inside the store. In this regard, Mr. Magee observed one of the suspects standing on his toes, holding a bottle of liquor, and peering over the counter at the cashier. During this time, the other suspect was stationed on the last aisle of the store, also with his attention affixed on the cashier. The last thing Mr. Magee saw before exiting the store was the two men, crouched down in the last aisle of the store, intently watching the cashier. As Mr. Magee sat in his truck, with an unobstructed view of the front of the store, he saw the men, taking turns, exit the store with baskets filled with merchandise. Each would then walk to the Cadillac and place the items in the back of the vehicle. After a total of approximately four such trips, which were observed by the eyewitness, Green exited the store for the last time and sat in the driver's seat of his Cadillac, apparently awaiting the arrival of Johnson. Magee identified Green and Johnson at the scene.
Following the arrest of Green and Johnson, the items, which the eyewitness had recognized during the theft as being diapers and liquor taken from the store, were found in the back of the Cadillac. Neither Green nor Johnson had receipts for the items. The items were returned to the store for identification by the store's assistant manager. A check of the computer records indicated the items had not been sold. A check of the store shelves indicated that similar items were missing.
Mr. Magee, who had identified Green and Johnson on the day of the theft, also positively identified Green at trial as one of the men he saw leaving the store with items from the store and placing them in his car.
The jury apparently found the eyewitness's testimony and that of the store's assistant manager credible. It is not the function of the appellate court to assess credibility or to reweigh evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986).
Under these circumstances, the state proved beyond a reasonable doubt that Green had the specific intent to commit theft from Rite-Aid and that he was more than just an "unsuspecting accomplice" to this shoplifting.
The defendant also alleges that the state failed to prove the goods allegedly taken were from the Rite-Aid store.
The record reflects that Mr. Magee observed defendant as he exited the store with what he described to be "Pampers and liquor" and these items were deposited into the back of defendant's vehicle. After Green's arrest, officers found Pampers and liquor in the back of Green's Cadillac. These items were returned to the store and identified as being compatible *290 with items the store would sell. Neither defendant had receipts for the items. Ms. Howard, the store's assistant manager, testified that the store computer records indicated the items had not been sold. She also testified that a check of the shelf where such items were housed indicated that similar items were missing. Under these circumstances, a jury could have reasonably concluded that the items seen by Mr. Magee being taken from the store by defendant and later found in the back of defendant's vehicle were the same items that had previously been the store's merchandise.
Finally, defendant argues that the state failed to prove the value of the goods allegedly taken. In this regard, he argues that the "lion's share of the value" consisted of the goods taken by Johnson, and as such, these goods should not be considered in the value of goods with which defendant is charged.
The value of the goods taken was established at trial. Ms. Howard identified the recovered items, scanned each one for its retail value, and totaled the items taken for a total sum of $ 741.85. Under these circumstances, the state established, beyond a reasonable doubt, the value of the goods taken.
Additionally, defendant's argument that he should not be charged with the total value of goods taken is meritless. This court, in State v. Coleman, 829 So.2d at 472, rejected the same argument stating: "A principal to the crime of theft is held culpable for the entire value of the merchandise." As a principal to this crime of theft with Johnson, Green is culpable for the entire value of the merchandise taken, namely $741.85.
Based on the foregoing discussion, we find that the evidence presented was sufficient to convict defendant of the charged offense. Specifically, we find that the state proved beyond a reasonable doubt that Jerome Green took merchandise belonging to Rite-Aid, valued in excess of $500, with the intent to permanently deprive Rite-Aid of the items taken. In this regard, the state negated every reasonable hypothesis of innocence. Accordingly, the arguments raised by defendant in this assigned error are without merit.[2]

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
For the reasons set forth herein, we hereby affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The bill of information also charged Raymond Johnson with theft of goods. However, Johnson pled guilty. This appeal relates only to defendant Green.
[2] In his appellate brief, defendant lists as Assignment of Error Number Two that "[t]rial counsel demonstrated ineffectiveness for failing to object to the state's interjection of irrelevant and highly prejudicial facts and argument during its rebuttal argument, directly implicating and referring to Mr. Green's criminal history." Defendant recognizes that since there was no objection at trial to the state's rebuttal argument, he is precluded from raising that issue on appeal. Defense counsel merely included the error in brief "so as to provide reliable notification for possible post-conviction relief." Accordingly, this listed assignment will not be addressed in this appeal.