901 So.2d 509 (2005)
STATE of Louisiana
v.
Lanaurd N. CAREY.
No. 04-KA-1073.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 2005.
*510 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Desiree M. Valenti, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
James A. Williams, Butch Wilson, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA, and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Defendant, Lanaurd Carey, appeals from his conviction of theft of goods from Home Depot, valued between $100 and $500, in violation of La.R.S. 14:67.10. We affirm.
The Defendant was charged in a bill of information[1] on July 15, 2003, pled not guilty and proceeded to trial on February 12, 2004. He was found guilty as charged by a six-person jury and was sentenced to one year imprisonment at hard labor.
The State filed a habitual offender bill of information charging the Defendant as a second felony offender, based on a prior negligent homicide conviction. The Defendant initially denied the allegations contained in the habitual offender bill of information, *511 but later admitted them at the hearing on April 22, 2004. His original sentence was vacated and he was resentenced as a habitual offender to the enhanced sentence of one year at hard labor without the benefit of probation or suspension of sentence.
On June 28, 2003, Kristian Roane was working as a manager at the Home Depot on Citrus Boulevard in Harahan. Sometime between 4:20 p.m. and 4:30 p.m., he observed a man exit through the self-checkout register with a closed circuit television system. Roane approached the man and asked for his receipt. Roane explained that it was common practice for the store to verify the receipts of the self-checkout registers. The man produced a receipt and Roane initialed it. Roane then became suspicious after noticing that the time on the receipt was approximately five minutes earlier than the time the man was actually exiting the store.[2]
Based on his suspicions, Roane reviewed the security videotape and discovered that the receipt was for register # 18 and not the self-checkout register. The videotape showed that the item was purchased at register # 18 by a female. A man later identified as the Defendant was standing and pacing next to her. He was not the same person who showed Roane the receipt. The videotape showed the female handing the receipt to the Defendant. The Defendant did not exit the store, but went back into the merchandise area. The Defendant was subsequently seen exiting the store. Thereafter, the man whose receipt Roane initially checked, exited the store through the self-checkout register with the receipt.[3]
After viewing the video tape, Roane contacted other Home Depot stores in the area to alert them of the suspected theft. He advised the other stores to look for a receipt with his initials because he suspected that the man would try to return the closed circuit television system to another store using the same receipt. Later that same day, a man did attempt to return the closed circuit television system to the Home Depot on Lapalco Boulevard in Marrero. Ireyonia Felix, a manager at the Marrero Home Depot, contacted Roane to apprise him of the situation. Roane described the two other individuals, the female and the Defendant, involved in the scheme. Felix was able to confirm their presence in the store. Specifically, the Defendant was at register # 12 purchasing an item at the same time that the other man tried to return the television system. The police were called and all three individuals were detained.
On appeal, the Defendant argues that the evidence was insufficient to convict him of theft and he asks for a patent error review.
The Defendant argues that the evidence was insufficient to convict him of the crime, because the State failed to prove that he had specific intent to commit the theft or that he was involved in the theft.[4] *512 He contends that the evidence merely shows that he was present at the store.
The State responds that the evidence showed that the Defendant was involved in the scheme of the theft in that he passed the receipt to another individual who then used the receipt to pass through the self-checkout line.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85, p. 4 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 954-955, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476. When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. Bailey, 04-85 at 4, 875 So.2d at 955. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Marcantel, 00-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56; Bailey, 04-85 at 5, 875 So.2d at 955.
In order to establish that the Defendant violated La.R.S. 14:67.10, the State was required to prove, beyond a reasonable doubt, that 1) the Defendant misappropriated or took, 2) a thing of value, 3) which is held for sale by a merchant, 4) either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations, and 5) that the Defendant had the intent to deprive the merchant permanently of that which is the subject of the misappropriation or taking. State v. Green, 02-883, p. 5 (La.App. 5th Cir.1/28/03), 839 So.2d 286, 288, writ denied, 03-0848 (La.10/31/03), 857 So.2d 474.
Theft is a crime of specific intent. Id. Specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Specific intent may be inferred from the circumstances of a transaction and from the actions of the accused. Further, specific intent is a legal conclusion to be resolved by the finder of fact. Green, 02-883 at 5, 839 So.2d at 288.
A person who aids or abets in the commission of a crime is guilty as a principal even though he or she does not directly commit the act constituting the offense. Green, 02-883 at 5, 839 So.2d at 289. A principal is defined by La.R.S. 14:24 as "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission or directly or indirectly counsel or procure another to commit the crime." Only those persons who "knowingly participate in the planning or execution of a crime" are principals to that crime. State v. Pierre, 93-0893, p. 4 (La.2/3/94), 631 So.2d 427, 428. An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. Id. Thus, mere presence at the scene of a crime does not make one a principal to the crime. Pierre, 93-0893 at 4, 631 So.2d at 428.
The evidence here shows more than the Defendant's mere presence at the store during the theft. The video surveillance clearly shows that the female purchased the television system and immediately handed the receipt to the Defendant. The Defendant then immediately re-entered the merchandise area of the store and in a short time exited the store. Thereafter, a *513 different man left the store through the self-checkout with another television system and a receipt that the manager testified was actually the receipt for the television system purchased shortly before by the female and given by her to the Defendant. Additionally, the Defendant was seen at the Marrero store at the same time at which the man attempted to return the television system with the false receipt.
Based on these circumstances, we find that a reasonable juror could infer that the Defendant was involved in the theft scheme and that he gave the receipt to the man who passed through the self-checkout, to enable that man to exit the store with the television system without paying for it, or to steal the television system. Therefore, viewing the evidence in a light most favorable to the State, the evidence is sufficient to support the Defendant's conviction as a principal to theft.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied, 04-1290 (La.10/29/04), 885 So.2d 584.
The habitual offender bill of information contains clerical errors. Specifically, it twice improperly lists the date that the underlying conviction was obtained. It states that the Defendant was tried on February 20, 2004, when in fact he was tried on February 12, 2004. Additionally, it states that the Defendant was found guilty on April 23, 1997, which was the date of his predicate conviction.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; State v. Varnado, 01-367, p. 7 (La.App. 5th Cir.9/13/01), 798 So.2d 191, 194. In State v. Jason, 99-2551, p. 13 (La.App. 4th Cir.12/6/00), 779 So.2d 865, 873, writ denied, 01-0037 (La.11/9/01), 801 So.2d 357, the court held that a typographical error in the habitual offender bill of information which listed the wrong date of one of the defendant's convictions was not prejudicial to the defendant because it contained the correct case number and section of court. Thus, the defendant knew which prior plea was being used in the bill of information.
In this case, there is no indication that the Defendant was prejudiced by the clerical error. Clearly, the Defendant knew the underlying conviction upon which the habitual bill of information was based, since it contained the correct case number and section of court. Thus, we find that the clerical error in the bill is harmless.
Accordingly, the Defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Co-defendants, Octavia Duhaney and Alex Slate, were also charged in the bill of information.
[2] Roane initially testified that there was a ten-minute gap. But, the time on the receipt was 4:18 p.m. and, according to the videotape, the man exited the store at 4:23 p.m.
[3] The identities of these individuals were never independently established during trial. However, based on presumptions made by the prosecutor and defense counsel in their questioning of witnesses, the female appears to be co-defendant, Octavia Duhaney, and the male who exited the store with the receipt appears to be co-defendant, Alex Slate.
[4] It is noted that the Defendant did not file a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. However, this failure does not preclude appellate review of the sufficiency of the evidence. State v. Washington, 421 So.2d 887, 889 (La.1982); State v. Harrell, 01-841 (La.App. 5th Cir.2/26/02), 811 So.2d 1015, fn. 3.