h JASMINE, Judge Pro Tempore.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Jeffery Little, with carnal knowledge of a juvenile. LSA-R.S. 14:80. After a trial before a six-person jury, the defendant was found guilty as charged. Thereafter, the court sentenced the defendant to serve two and one-half years of imprisonment at hard labor.
The state then filed a habitual offender bill of information that alleged the defendant to be a second felony offender. After being informed of his habitual offender rights, the defendant stipulated to the state’s allegations. The trial court vacated ■ the defendant’s original sentence, and sentenced him to serve two and one-half years of imprisonment at hard labor without benefit of probation or suspension of sentence. On appeal, the defendant assigns one error. For the following reasons, we affirm.

\ .FACTS

The juvenile victim, A.O., first encountered the defendant in the latter months of 1997 while she was walking to the grocery store near her home.[1] She saw the defendant again on subsequent trips to the store, but she rebuffed the defendant’s attempts to engage her in conversation. Then, one day, the defendant followed A.O. home from the store. He gave her his telephone number, and told her to “call him sometime.” Shortly thereafter, A.O. telephoned the defendant. During that conversation, A.O. told the defendant that *184 she was 14 years old, and the defendant told her that he was 18.
A.O. and the defendant began dating, and, after a month or two, A.O. and the defendant had sexual intercourse at a New Year’s Eve party. Several weeks later, the defendant told A.O. that he was actually 23 years old. Nevertheless, A.O. and the defendant continued to have sexual intercourse with each other.
When A.O.’s mother and stepfather discovered that the defendant was having sexual intercourse with A.O., they forbade A.O. to see the defendant anymore. Additionally, AO.’s stepfather warned the defendant to stay away from A.O. In May of 1998, A.O. told the defendant that she was ending their relationship, but he continued to call and page A.O.
When A.O.’s mother learned in September of 1998 that the relationship between A.O. and defendant had not ended, she called the police. Officer Phillip Ferro of the Kenner Police Department investigated the complaint. According to computer records obtained by Officer Ferro, the defendant’s date of birth was May 15, 1974, which made the defendant 23 years old at the time of the charged offense.

\9ASSIGNMENT OF ERROR NUMBER ONE

In his sole assignment of error, the defendant contends that the trial judge improperly instructed the jury and improperly commented on the evidence when re-charging the jury after deliberations had commenced. Specifically, he first asserts that the trial judge improperly instructed the jury on the elements of the offense, as well as the attempted offense when re-charging the jury.
After deliberations had commenced, the jury returned to the courtroom, and the foreperson asked the judge to re-read “the three different verdicts for guilty of attempt. When you read it, it went kind of fast and someone didn’t catch it all the way, so we would like it read again.” In response, the judge read the same definitions of the charged offense and the attempted offense he had read earlier; he also told the jury that a further responsive verdict was “not guilty.”
The jury returned a second time, and the foreperson addressed the court as follows:
THE FOREPERSON:
The only question we have is we would like for you one more time to read the guilty of attempted carnal knowledge of a juvenile.
THE COURT:
Attempted?
THE FOREPERSON:
Um-hum.
THE COURT:
Attempted carnal knowledge of a juvenile is another lesser but included offense of carnal knowledge of a juvenile. An attempt is defined as follows. Any person who having specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object, is guilty of an attempt to commit the offense intended and it shall be immaterial whether under the circumstances he would have actually accomplished his purpose. Mere preparation to commit a crime shall not be sufficient to constitute an attempt.
^Specific criminal intent is that state of mind which exists when the circumstances indicate that the defendant actively desires the prescribed criminal consequences to follow his act or failure to act.
Thus, in order to convict the defendant of attempted carnal knowledge of a juvenile, you must find, one, that the defendant had specific intent to commit the crime of carnal knowledge of a juvenile, and, two, that the defendant did or omitted an act for the purpose of and tending directly toward the commission of the crime of carnal knowledge of a juvenile.
*185 A further responsive verdict to the crime of carnal knowledge of a juvenile is not guilty.
Now, I don’t know what is troubling you but in order to convict of an attempt, you also must meet the other criteria, but, okay. That’s it.
Anything else?
THE FOREPERSON:
What’s the other criteria? The carnal knowledge? Right. Okay.
THE COURT:
Well, thus, in order to convict the defendant of attempted carnal knowledge of a juvenile, you must find, first that the defendant had the specific intent to commit the crime of carnal knowledge of a juvenile. Carnal knowledge of a juvenile was defined to you earlier.
THE FOREPERSON:
Right.
THE COURT:
Okay.
After the jury returned to the jury room, the defense objected as follows:
MR. FAULKNER [defense counsel]:
I am noting my objection to the instruction. From the way I understood, it was thatwhat you explained to them that in order for them to find him guilty of the [attempted] carnal knowledge, they have to find the other elements. Well, what in essence that says to me is that actually you are telling them that—
IsTHE COURT:
Taylor, bring them out quickly.
MR. FAULKNER [defense counsel]:
If you want to read it to them again, that is—
When the jury returned, the trial judge addressed them as follows:
THE COURT:
All right. I may have — in an abundance of caution, when I made the statement that you needed the other elements or whatever I said, I don’t mean that in order to find attempted carnal knowledge, you have to first find him guilty of carnal knowledge.
What I meant was that in statement one, that the defendant had the specific intent to commit the crime of carnal knowledge of a juvenile, I was telling you to relate back. We defined carnal knowledge earlier. That is what I meant by it. Okay? I didn’t mean that you have to find him guilty of carnal knowledge in order to find attempted carnal knowledge. Okay.
All right. Thank you.
When the jury next returned to the courtroom, it was with a verdict of guilty as charged.
LSA-C.Cr.P. art. 808 provides for recharging the jury after deliberations have commenced:
If the jury or any member thereof, after having retired to deliberate upon the verdict, desires further charges, the officer in charge shall bring the jury into the courtroom, and the court shall in the presence of the defendant, his counsel, and the district attorney, further charge the jury. The further charge may be verbal.
As a general rule, a party may not complain on appeal about an allegedly erroneous jury charge, absent a timely objection in the trial court. LSA-C.Cr.P. art. 801; LSA-C.Cr.P. art. 841(A); State v. Page, 96-227 (La.App. 5 Cir. 8/28/96), 680 So.2d 104, 106, writ denied, 96-2548 (La.9/19/97), 701 So.2d 153. Here, the defendant only objected to the second instance that the trial judge re-charged the jury. Moreover, the defendant made no further objection when the trial judge |ficlarified to the jurors that they were not required to find the elements of carnal knowledge of a juvenile in order to convict the defendant of the attempted offense.[2]
In State v. Alexis, 98-1145 (La.App. 5 Cir. 6/1/99), 738 So.2d 57, 69, we found that *186 the defendant had abandoned his mistrial motion when he later acquiesced in a remedy other than the requested mistrial. While the defendant in the instant case initially objected to the further instructions given by the judge, we find that he abandoned his objection when he acquiesced to the trial judge’s explanatory remarks to the jury. State v. Alexis, supra.
Defendant next contends that the trial judge’s remarks were improper comments in violation of LSA-C.Cr.P. arts. 772 and 806. While the defendant did not object to the judge’s remarks on the basis that the remarks were improper comments, this Court reviewed comments made by the trial court absent an objection by defendant in State v. Rochon, 98-717 (La.App. 5 Cir. 3/10/99), 733 So.2d 624, 629-630. We will, therefore, review defendant’s claim in this regard.
Certain comments by the trial judge are prohibited by LSA-C.Cr.P. arts. 772 and 806. Article 806 provides that “[t]he court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”
17Article 772 of the Code of Criminal Procedure similarly provides that “[t]he judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”
After carefully reviewing the trial judge’s remarks in re-instructing the jury, it is clear from the transcript that the trial judge did not comment on the evidence, repeat the testimony of any witness, or give an opinion as to what has been proved, not proved, or refuted. Based on the foregoing discussion, we find this assigned error to be without merit.

ERROR PATENT DISCUSSION

We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). The record reflects that the trial judge failed to observe the mandatory 24-hour delay between the denial of the motion for new trial and the imposition of the original sentence, as required by LSA-C.Cr.P. art. 873. However, because defense counsel announced in open court that defendant was ready for sentencing immediately after the denial of the motion, the delay was waived. Thus, there was no error in the trial court’s immediate imposition of sentence. State v. Biglane, 99-111 (La.App. 5 Cir. 5/19/99), 738 So.2d 630, 639.
For the foregoing reasons, the defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. To protect the juvenile victim’s identity, she will be referred to by initials only.

. The defendant argues that he was prejudiced by the judge's remarks because the jury’s questions suggest that the jury was concerned whether the state had proven that the *186 defendant knew that the victim was underage. However, whether the defendant knew the juvenile's age is irrelevant, since LSA-R.S. 14:80(B) specifically provides that "[l]ack of knowledge of the juvenile’s age shall not be a defense....” The Louisiana Supreme Court recently affirmed the constitutionality of LSA-R.S. 14:80(B) in State v. Granier, 99-3511 (La.7/6/00), 765 So.2d 998.